582 A.2d 1115

**COMMONWEALTH of Pennsylvania**

v.

**Aaron NELSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Dec. 3, 1990.

Regina B. Gerin, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

620

OLSZEWSKI, Judge:

 This is an appeal from a judgment of sentence rendered by the Court of Common Pleas of Philadelphia County following a non-jury trial resulting in appellant's conviction of robbery, graded as a felony of the first degree; criminal conspiracy; and possession of an instrument of crime. The issues presented on appeal are: (1) whether the trial court erred in denying appellant's motion to suppress identification testimony, and (2) whether the verdict is supported by the sufficiency of the evidence. As we find the identification testimony to have been properly admitted and the evidence sufficient to sustain the verdict, we affirm the judgment of sentence.[1]

On August 3, 1988, the record shows that appellant and an unidentified gunman entered a bar and announced a "hold up." Appellant ordered the bartender to "get the money out of the register," while the gunman herded the patrons to the rear of the bar where he forced them to hand over their jewelry. During the course of appellant's interaction with the bartender, appellant leaned over the bar and

---

1. We find the Commonwealth's argument that appellant has waived this second issue for failure to file post-verdict motions in compliance with Pa.R.Crim.P. 1123 and 1124 to be without merit. Appellant's post-verdict motions improperly address both the weight and the sufficiency of the evidence together; however, the allegations are not boilerplate and address appellant's claims with ample specificity. *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268, 1273–74 (1983) (*en banc*). For example, paragraph two of appellant's post-verdict motions states:

> The verdict of guilty to the charge of Possession of an Instrument of Crime was contrary to the evidence, against the law and contrary to the weight of the evidence because the Commonwealth never established beyond a reasonable doubt that the defendant has [sic] possession and/or sufficient control over the weapon to be found guilty.

This motion clearly addresses the sufficiency of the evidence to support the verdict, and appellant's brief addresses only the sufficiency of the evidence with respect to the verdict. While appellant's muddling of the distinction between weight of the evidence and sufficiency of the evidence is improper and presents obvious complications, we do not find that challenges to the verdict are waived as a result, as appellant has specified in what particular respects the evidence was insufficient in both his post-verdict motions and brief to this Court.

attempted to strike the bartender, who avoided the blow and attempted to strike back. The bartender testified that she then began to wave and shout to get the attention of the owner of the bar, who had just entered the bar and was seated at the end of the bar. The owner testified that upon noticing the argument between appellant and the bartender, he approached the two and asked appellant to leave, to which appellant responded, "Shut up or my boy will take care of you!" The owner testified that he turned around and observed a man pointing a gun at him. The gunman ordered the owner to get on the floor, and the two men fled the premises.

That same evening, the bartender reviewed photographs of potential suspects, but did not identify anyone. Six weeks later, the bartender went to police headquarters, reviewed photographs, and identified appellant as the man who demanded money from the cash register. At trial, both the bartender and the bar owner made in-court identifications of appellant.

Appellant claims that the trial court erred in denying his motion to suppress the identification evidence, arguing that the photographic array viewed by the bartender was unduly suggestive and that the in-court identifications by the witnesses (bartender and owner) were not credible. We find these assertions to be without merit.

In reviewing an order denying a motion to suppress evidence, a reviewing court has a duty

> '... "to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." ... In making this determination, this Court will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.'

*Commonwealth v. Harris,* 368 Pa.Super. 84, 533 A.2d 727, 729 (1987), *quoting Commonwealth v. Lark,* 505 Pa. 126, 477 A.2d 857, 859 (1984).

■ With respect to the photographic array, the trial court's finding that it was not suggestive is clearly supported by the evidence. The evidence demonstrates that the witness (bartender) was shown photographs of at least eight black males, including appellant, all of whom were similar in age, skin complexion, hair, and general appearance. There was no identifying information on any of the photographs, and the police in no way sought to influence the witness while she was viewing the photographs. No suggestiveness or unfairness was established, and the trial court properly admitted the photographic identification into evidence.

Having found that the photographic array was not suggestive, the trial court properly ruled that the witness's (bartender) in-court identification was not tainted by the photographic array. *See, Commonwealth v. Harris, supra.*

■ Even if the photographic array had been suggestive, it does not follow that the subsequent in-court identification should also have been suppressed. An identification may be admitted if, in considering the totality of the circumstances, the court finds that despite the taint, there is an independent and reliable basis for the identification. "It is the likelihood of misidentification which violates defendant's right to due process, and it is this which is the basis of the exclusion of evidence." *Commonwealth v. DeMarco,* 332 Pa.Super. 315, 481 A.2d 632, 639 (1984), *quoting, Commonwealth v. Ransome,* 485 Pa. 490, 402 A.2d 1379, 1382 (1979). A court must consider the following factors in determining the likelihood of misidentification:

the witness' opportunity to view the criminal at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; the length of time between the crime and the confrontation.

*Commonwealth v. DeMarco, supra* 481 A.2d at 639, *citing, Commonwealth v. Slaughter,* 482 Pa. 538, 394 A.2d 453 (1978).

■ In the present case, the bartender's in-court identification of appellant as one of the assailants was straightforward and without hesitation. The record is clear that this witness had ample opportunity to observe appellant during the incident. Accordingly, both the photographic and in-court identifications of appellant by the bartender were properly admitted.

Likewise, the in-court identification by the bar owner was also properly admitted, as the record indicates that he too had ample opportunity to observe appellant at the time of the incident. The bar owner testified that he and appellant exchanged words during the incident after he observed appellant arguing with the bartender. Additionally, both witnesses testified that appellant was not wearing a mask and that the bar was well lit. The bar owner also testified that he immediately recognized appellant when appellant entered the courtroom, without any prompting or direction by anyone. Accordingly, this evidence supports the trial court's finding that the owner's identification was not the result of a suggestive procedure but was, instead, a reliable and positive identification.

Appellant also attacks the credibility of the witnesses' in-court identifications. This claim is not properly before this Court because a determination of credibility, "is within the sole province of the trier of fact who is free to believe all, part or none of the evidence." *Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102, 1104–05 (1984); *See also, Commonwealth v. Fahy,* 512 Pa. 298, 516 A.2d 689, 695 (1986) ("When faced with conflicting testimony, a suppression court, as factfinder, may pass upon credibility, and these findings will not be disturbed when supported by the record."). The trial judge, sitting as the fact-finder in this case, was in a better position to evaluate the credibility of the witnesses. Accordingly, appellant's claim is without merit.

Appellant also alleges that the evidence was insufficient to sustain the verdict. The test for determining the sufficiency of the evidence is

whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt.

*Commonwealth v. Aulisio*, 514 Pa. 84, 91, 522 A.2d 1075, 1079 (1987), *citing, Commonwealth v. Syre*, 507 Pa. 299, 303, 489 A.2d 1340, 1342 (1985).

With respect to the robbery conviction in the first degree, appellant argues that there was insufficient evidence which would establish that he intended to place his victims in fear of immediate serious bodily injury as required by 18 Pa.C.S. § 3701(a)(1)(ii).[2] Appellant argues that because he was unarmed and the bartender did not demonstrate any fearfulness,[3] the requisite fear of immediate serious bodily injury was lacking. Appellant's focus on the subjective state of mind of the *victim* is misplaced. The proper focus under the statute is on *appellant's* intent and actions. *Commonwealth v. Thomas*, 376 Pa.Super. 455, 546 A.2d 116, 118 (1988).

■ The evidence shows that appellant and his co-felon announced a robbery and brandished a weapon in order to achieve their goal. Additionally, appellant warned the bar owner to "Shut up or my boy will take care of you." This evidence clearly supports the trial court's inference that appellant intended to threaten serious bodily injury. *See,*

---

**2.** 18 Pa.C.S. § 3701(a)(1) provides in pertinent part:
(1) A person is guilty of robbery if, in the course of committing a theft, he:
(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

**3.** The record indicates that the bartender attempted to strike appellant during the course of their exchange, which appellant argues is conclusive of a lack of immediate threat of serious bodily injury.

*Commonwealth v. Hurd,* 268 Pa.Super. 24, 407 A.2d 418 (1979) (evidence that defendant approached the counter, slammed his fist on the counter, told salesperson to open the door while pointing an unidentified object in his pocket at salesperson was held sufficient for a robbery conviction under § 3701(a)(1)(ii)); *Commonwealth v. Davis,* 313 Pa.Super. 355, 459 A.2d 1267 (1983) (evidence that the defendant climbed through a store window, told proprietor to get back and proceeded to remove money from the cash register was held sufficient for robbery conviction under § 3701(a)(1)(ii)). The fact that the threat may not have produced the intended fear is irrelevant. *See, Commonwealth v. Hurd, supra* 407 A.2d at 420 ("It [sic] there is such a threat, it is irrelevant that the victim may not have taken the threat seriously."). Accordingly, appellant's conviction under 18 Pa.C.S. § 3701(a)(1)(ii) is affirmed.

◼ Next, appellant challenges his conviction for possession of an instrument of crime on the grounds that the evidence did not establish that he had the intent and ability to control the gun wielded by his co-felon. We disagree. Since appellant was not shown to have actual possession of the gun, the issue is whether the evidence was sufficient to prove his constructive possession.

To prove constructive possession of an item, the Commonwealth must show that the defendant had both the intent and the ability to control the item. *Commonwealth v. Hamm,* 301 Pa.Super. 266, 447 A.2d 960, 962 (1982), *citing, Commonwealth v. Townsend,* 428 Pa. 281, 237 A.2d 192 (1968). At the least, the evidence must show that the defendant knew of the existence of the item. *Commonwealth v. Hamm, supra* 447 A.2d at 962 [citations omitted]. Possession may also be proved by circumstantial evidence. *Commonwealth v. Carter,* 304 Pa.Super. 142, 450 A.2d 142, 144 (1982). Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession. *Commonwealth v. Carter, supra*

450 A.2d at 144 [citations omitted]. In the present case, the circumstances indicate that appellant did in fact have the intent and ability to control the use of the gun. The two assailants entered the premises together, announced a hold up, and appellant's co-felon brandished a gun. During the course of the robbery, appellant warned the bar owner that "his boy" (referring to the other assailant) would take care of him if he was not quiet. Obviously, appellant knew of the gun's existence and had the apparent ability and intent to exercise control over its use.

Finally, appellant's claim that the evidence does not support his conviction for criminal conspiracy is equally without merit. Under 18 Pa.C.S.A. § 903(a)(1),

[a] person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime ...

Under § 903(e), an overt act in furtherance of the conspiracy must be proved. Because it is difficult to prove an explicit or formal agreement by direct evidence, a conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties. Overt acts of alleged co-conspirators are competent as proof of the conspiracy. *Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102, 1104 (1984), *citing, Commonwealth v. Kennedy*, 499 Pa. 389, 453 A.2d 927 (1982). In the case at bar, the record indicates that appellant and his co-felon entered the bar together, announced a hold-up, and together proceeded to rob the bar patrons and the establishment itself. They then fled together. These concurrent criminal acts are sufficient to infer that appellant conspired with the second assailant in performing the robbery.

For the foregoing reasons, judgment of sentence is affirmed.