J-S10025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE LIPPI | : | |
| | : | |
| Appellant | : | No. 3605 EDA 2016 |

Appeal from the Judgment of Sentence October 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004500-2016

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 04, 2018**

Appellant, Nicole Lippi, appeals from the judgment of sentence entered on October 18, 2016, following her bench trial conviction for criminal conspiracy to possess a controlled substance.[1]  We affirm.

The relevant historical facts are as follows:

[Philadelphia] Police Officer Raymond Sima testified that on October 13, [] 2015, at approximately [9:00 p.m.], he and a partner were working as part of a team conducting a narcotics surveillance on 1545 South 30th Street in Philadelphia when they were alerted by radio that a white female, a passenger in a gold Infiniti G35, had just made a [drug] purchase at the surveillance location after which the vehicle proceeded northbound towards Tasker Street.  [Officer Sima and his partner] spotted the vehicle, pulled it over and observed the driver, a Michael Nelson who was later identified as [Appellant's] brother, trying to stuff something in[to the left pocket of his hooded sweat shirt.  After Nelson was asked] to remove his hand from the pocket, the

---

[1] 18 Pa.C.S.A. § 903 and 35 P.S. § 780-113(a)(16).

officer could see blue glassine inserts that were inside the pocket, which field tested positive for heroin, and arrested him.

Police Officer Von Williams testified that she was one of the team that responded to the call, observed [Appellant] in the passenger seat and, based on information she had received from fellow officers, placed her under arrest. While she was doing so[, Appellant] stated that she purchased the narcotics for her brother. [Officer Williams] did not recover any narcotics from [Appellant's] person.

Trial Court Opinion, 5/22/17, at 1-2, *citing* N.T., 10/18/16, at 5-9 and 10-12.

Based upon the foregoing events, Appellant was arrested and charged with simple possession of a controlled substance and criminal conspiracy. Appellant was found guilty of both charges at the conclusion of trial on April 8, 2016 in the Philadelphia Municipal Court. Thereafter, Appellant appealed to the trial court. Following a nonjury trial *de novo* on October 18, 2016,[2] the court found Appellant guilty of conspiracy and not guilty of simple possession. On the same day, the court ordered Appellant to serve nine months' probation for her conviction.

_____

[2] At the trial *de novo*, Appellant denied that she told Officer Williams that she purchased narcotics for her brother. Trial Court Opinion, 5/22/17, at 2, *citing* N.T. Trial, 10/18/16, at 14-20. When reviewing sufficiency claims, appellate courts are required to view the evidence in the light most favorable to the Commonwealth as the verdict winner, thereby giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). Thus, under the applicable standard of review, we must accept the testimony of Officer Williams and disregard Appellant's self-serving version of events.

Appellant filed a timely *pro se* appeal on November 17, 2016. After many procedural developments, including the appointment of two replacement counsel and the filing of two substitute concise statements under Pa.R.A.P. 1925, Appellant presented the instant appeal in which she challenges the sufficiency of the evidence offered to show that she conspired to purchase contraband and pass it along to her brother. **See** Appellant's Brief at 8.

We have carefully reviewed the certified record, the submissions of the parties, the opinions of the trial court, and the pertinent case law. Based upon our review, we conclude for the reasons expressed by the trial court that Appellant is not entitled to relief. **See** Trial Court Opinion, 11/1/17, at 6 (conspiracy established here in view of: 1) "the association between [A]ppellant and her brother and the joint use of his vehicle in executing the transactions (acquisition and transfer of possession [of contraband]), 2) [Appellant's] obvious knowledge of the commission of those transactions, 3) [Appellant's] presence at the scene of the crime, and 4) [Appellant's] observed participation in the object of the conspiracy, [*i.e.*] the acquisition of an illegal drug). Moreover, as we find that the trial court has adequately and accurately addressed the issues raised in this appeal, we adopt the trial court's opinion as our own. Accordingly, the parties are directed to attach a copy of the trial court's November 1, 2017 opinion to all future filings relating to our disposition in this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/18

FILED

NOV 0 1 2017

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA   :    CP-51-CR-0004500-2016

           :

vs.            :

           :    SUPERIOR COURT

NICOLE LIPPI         :    NO. 3605 EDA 2016

SUPPLEMENTAL PA.R.A.P. 1925(a) OPINION

MAZZOLA, WILLIAM, J.           OCTOBER      $\partial \zeta^{\pi}$, 2017

The court submits this supplement to its *R 1925(a)* opinion of May 18, 2017, pursuant to

the Superior Court's order of September 6th directing it to do so. To reiterate, the defendant,

Nicole Lippi, filed this appeal from a judgment of sentence. She was arrested on October 14,

2015, and charged with the unlawful purchase and possession of a controlled substance and

conspiracy.[1] On April 8, 2016, at a trial in the Philadelphia Municipal Court, where she was

represented by appointed counsel, the Commonwealth withdrew the purchase charge, she was

found guilty of possession and conspiracy and was sentenced to nine (9) month's reporting

probation on the former and no further penalty on the latter.[2] She appealed *pro se* to this court,

new counsel was appointed and at a nonjury trial on October 18th she was found not guilty of the

possession but guilty of conspiracy and given the same sentence. No post sentence motions were

filed and this timely appeal was filed *pro se* on November 17th The issues presented therein, as

stated by newly appointed counsel, were, in essence, that the evidence was insufficient as a

matter of law to convict and that the conviction was against the weight of the evidence In its

original *1925(a)* opinion the trial court offered its view that, since counsel did not indicate in the

*R 1925(b) Statement of Errors Complained of on Appeal* how or why the evidence could be


CP-51-CR-0004500-2016 Comm v Lippi, Nicole
Opinion

---

[1] *35 Pa C S. §§ 780-113(a)(16) & (a)(19) & 18 Pa C S § 903.*
[2] MC-51-CR-0032107-2015

1

considered insufficient and lacking appropriate weight to convict, the claims should have been considered waived pursuant to the *Rule* and the cited appellate decisions interpreting it, and because the weight claim was not presented to the trial court as required by *Pa R Crim P 607(A)* The court did go on, however, to thoroughly summarize and evaluate the evidence in order to demonstrate that it was generally sufficient and of more than enough weight to convict

Prior to the submission of that opinion, on January 30, 2017, Superior Court entered an order noting that on two occasions Appellant's appointed appellate counsel had failed to file a timely docketing statement and remanded the matter to the trial court for a determination as to whether counsel had abandoned Appellant and to take further action as required to protect her right to appeal, including but not limited to, the appointment of new counsel. That attorney filed applications to withdraw, on March 29th in Superior Court and March 30th in the trial court, the latter granted the motion on that date and appointed another attorney on April 3rd. On the 24th the Superior Court dismissed the application to withdraw as moot, newly appointed counsel having filed a docketing statement on April 19th. However, on June 26th, after that attorney had filed the *Rule 1925(b) Statement* described above and the trial court filed its opinion and transmitted the record, that attorney filed an application to withdraw which the Court granted on July 17th and again remanded to the trial court instructing it to determine whether Appellant was eligible for court appointed counsel and take the appropriate actions. The court did so and present counsel was appointed who on August 20th filed a request for a remand to allow him to file another *1925(b) Statement* which resulted in the Court's September 6th order. The new *Statement* did hone the issue somewhat and limited it to insufficiency:

> 1.) The evidence was insufficient to support appellant's criminal conspiracy conviction because the commonwealth failed to prove beyond a reasonable doubt that appellant or her alleged co-actor entered into an agreement with the other person the object of which was to jointly possess or purchase a controlled substance

<u>MATTERS COMPLAINED OF ON APPEAL NUNC PRO TUNC</u>, September 7, 2017. That is a slight probably unintended mischaracterization of an element of the crime as it implies there must have been an agreement to continue a joint possession as opposed to a transfer from one conspirator to the other at some point

To more tersely summarize the Commonwealth's evidence as cited to and described in the court's previous opinion, it showed that the Appellant was observed by police, who were conducting a surveillance of a residence from which they suspected drug sales were being made, to have made a purchase and get in a motor vehicle being operated by her brother. Other officers to whom that was reported stopped the vehicle and observed the drug on the brother's person While he and the appellant were being searched and arrested, the latter stated to one of the officers that she had purchased the narcotics for her brother The officer elaborated on how that admission came about on cross examination:

> Q. And you pulled her out of the car and arrested her based on information from other officers; is that correct?
> A Yes, there were other officers on location, she was a female, got her out, I checked her for any contraband which she did not have anything on her. She stated that she did not have it. She purchased it and gave it to her brother
> Q. How was this statement made? After, you put the cuffs on her when was [sic] the statement made?
> A I was checking her person, asked her did she have anything on her that I needed to know about, she said no, she purchased it and what she bought she gave to her brother, and that was it.

N.T., 10/18/16, p. 12-13. As demonstrated by the court's summarization in its previous opinion, though she denied purchasing or handing any drugs to her brother, her trial testimony actually further inferentially implicated her in the joint endeavor to acquire the drug. She claimed that, on the evening in question, she was in the car with her brother and that they had gone to her friend Carolann's house, the residence at which the police had observed her make the purchase, to pick up her food stamp card and phone charger which she had left there earlier. When she was

told that Carolann was not home they left and went to her mother-in-law's house to borrow money to go food shopping and were arrested when they stopped there She claimed she did not at any point on that date have any narcotics in her possession. On cross examination, when asked if her brother had driven all the way over from New Jersey where he lived to take her food shopping, she stated that he had come over to "hang out", that they had visited Carolann earlier that day when she left her things there, and denied telling the arresting officer that she had purchased the drugs for her brother. The trial court, as the fact finder, simply chose to believe the Commonwealth's version of the facts over hers as being the more credible, considering in particular her admission to the officer that she had purchased the drugs for her brother to have been a rashly ill-conceived lame attempt to dispel the ramifications of her observed involvement in the events.

The standard of review for sufficiency of the evidence claims is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lehman*, 820 A 2d 766, 772 (Pa Super 2003) (citations omitted).
\* \* \*

The Commonwealth presented sufficient evidence to establish these crimes The crime of delivery was completed upon appellant's delivery of the heroin to

4

Thomas Kirchoff. Appellant completed the conspiracy in Shamokin when he agreed to travel to Reading to purchase the drugs. The receipt of the money and the trip to Reading were sufficient overt acts in furtherance of that conspiracy. Finally, appellant's possession of the drugs as a result of his purchase in Reading provided sufficient evidence for the crime of possession with intent to deliver.

*Commonwealth v Nahavandian, 2004 PA Super 136, 849 A 2d 1221, 1229-30 (2004), conviction for Drug Delivery Resulting in Death vacated and remanded for reconsideration, 585 Pa 460, 888 A 2d 815 (2006).* Although the appellant was acquitted of possession, evidence tending to show that she acquired possession at some point also supports an element of a conspiracy.

As appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of the seized items to support his convictions.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control To aid application, we have held that constructive possession may be established by the totality of the circumstances

> *Commonwealth v Brown, 48 A 3d 426, 430 (Pa Super 2012), appeal denied, 619 Pa. 697, 63 A 3d 1243 (2013)* (internal quotation marks and citation omitted) Additionally, it is possible for two people to have joint constructive possession of an item of contraband. *Commonwealth v Bricker, 882 A 2d 1008, 1016-1017 (Pa Super 2005)*

*Commonwealth v Kinard, 2014 PA Super 41, 95 A 3d 279, 292 (2014)* The facts that appellant was observed obtaining the drug which ended up in her brother's possession at some point after she returned to his vehicle after she was seen to have purchased it were by themselves sufficient to support a conclusion beyond a reasonable doubt that she had agreed to obtain it for him

Pursuant to our standard of review, we find the testimony sufficient to support appellant's conviction for PWID *See also Commonwealth v Nelson, 399 Pa Super 618, 582 A.2d 1115, 1119 (Pa.Super 1990), appeal denied, 527 Pa 664, 593 A 2d 840 (1991)* (constructive possession may be found where no individual factor establishes possession but the totality of circumstances infer such).

5

To prove criminal conspiracy, the Commonwealth must show a defendant entered into an agreement to commit or aid in an unlawful act with another person; that he and that person acted with a shared criminal intent; and that an overt act was taken in furtherance of the conspiracy. *18 Pa C.S.A. § 903.* "An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities." *Commonwealth v. Johnson, 719 A.2d 778, 785 (Pa Super 1998) (en banc), appeal denied, 559 Pa 689, 739 A.2d 1056 (1999)* (citations omitted). Therefore, where the conduct of the parties indicates that they were acting in concert with a corrupt purpose in view, the existence of a criminal conspiracy may properly be inferred. *Commonwealth v. Snyder, 335 Pa Super 19, 483 A.2d 933, 942 (Pa.Super 1984).* This court has held that the presence of the following non-exclusive list of circumstances when considered together and in the context of the crime may establish proof of a conspiracy: (1) an association between alleged conspirators, (2) knowledge of the commission of the crime, (3) presence at the scene of the crime, and (4) participation in the object of the conspiracy. *Commonwealth v. Swerdlow, 431 Pa Super 453, 636 A.2d 1173, 1177 (Pa Super 1994).*

*Id. A 3d at 292–93.* The non-exclusive list of circumstances in this case were (1) the association between appellant and her brother and the joint use of his vehicle in executing the transactions (acquisition and transfer of possession), (2) her obvious knowledge of the commission of those transactions, (3) her presence at the scene of the crime, and (4) observed participation in the object of the conspiracy, the acquisition of an illegal drug.

In reviewing a challenge to the sufficiency of the evidence, we must determine:

> ... whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Jackson, 506 Pa. 469, 472–473, 485 A.2d 1102, 1103 (1984)* (citation omitted).

* * *

Under existing law in Pennsylvania, the Commonwealth need not prove an explicit or formal agreement in order to establish the existence of a criminal conspiracy. *Commonwealth v. Manlin, 270 Pa Super 290, 411 A.2d 532 (1979).* Agreement may be shown inferentially by showing the relation, conduct or circumstances of the parties. *Commonwealth v. Jackson, supra.* Overt acts of alleged co-conspirators are sufficient proof of a conspiracy. *Commonwealth v. Kennedy, 499 Pa 389, 453 A.2d 927 (1982).*

6

*Commonwealth v. Rogers, 419 Pa. Super 122, 615 A 2d 55, 63 (1992)* "Direct proof of the corrupt agreement, however, is not necessary. *Commonwealth v. Brown, 351 Pa Super 119, 505 A 2d 295 (1986)* " *Commonwealth v. Anderson, 381 Pa. Super 1, 552 A 2d 1064, 1071 (1988), appeal denied, 524 Pa. 616, 571 A 2d 379 (1989)* Although present counsel did specify in the revised *R. 1925(b) Statement* that the Commonwealth's evidence failed to establish the element of an agreement, he did not indicate how or why that evidence could not be considered to have allowed the fact finder to justifiably draw the obvious inference that appellant had agreed to get some heroin for her brother. The only very weakly disputed evidence as more thoroughly cited in the trial court's previous opinion was more than sufficient to establish each and every element of a wholly executed conspiracy to illegally obtain and possess a drug Wherefore, the judgment of sentence should be affirmed.

BY THE COURT:

WILLIAM MAZZOLA, J.

7