353 A.2d 370

**COMMONWEALTH of Pennsylvania**

v.

**Dennis JACKSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1976.

Decided March 17, 1976.

312

Joseph C. Spaulding, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Dennis Jackson, was tried by a judge sitting without a jury and found guilty of murder in the second degree. Post-trial motions were denied and appellant was sentenced to a term of not less than five nor more than fifteen years' imprisonment at a state correctional institution. This appeal followed.

Appellant in this appeal only argues that the evidence presented by the Commonwealth was insufficient to prove his guilt beyond a reasonable doubt. In viewing the evidence in a light most favorable to the Commonwealth, the following facts were proven.

On February 20, 1974, appellant, the decedent, Earl Boyer, John Tabb and a man called "High Pockets" were playing shuffleboard at the Blackjack Bar in Philadelphia. After the game was finished, the decedent refused

to give appellant the money he had won in the shuffleboard game. As a consequence, appellant and the decedent became embroiled in an argument and the decedent was stabbed twice; he died as a result of his wounds. At appellant's trial a witness for the Commonwealth testified that an argument had occurred between appellant and the decedent, and that appellant was seen leaving the bar with a knife in his hand; the knife was never recovered. The bartender at the Blackjack Bar testified that while he did not see the actual stabbing, he heard a "thud" and saw decedent lying on the floor. The bartender then saw appellant leaving the bar; the bartender asked him to stop, but appellant fled the bar. Appellant, testifying in his own behalf, stated that during the course of the argument, the decedent pulled a knife from his coat and attempted to stab him. Appellant testified that at this point he grabbed the knife and left the bar and that he did not stab the decedent. In rebuttal, the Commonwealth proved that the decedent was not wearing a coat at the time of the stabbing. Based upon the above facts, the trier of fact found appellant guilty of murder in the second degree.

In the instant case, we are of the opinion that the evidence was sufficient to establish the appellant's guilt beyond a reasonable doubt. The test for sufficiency of the evidence, as stated in *Commonwealth v. Paquette,* 451 Pa. 250, 253, 301 A.2d 837, 838 (1973), is "whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." See also *Commonwealth v. Strand,* 464 Pa. 544, 347 A.2d 675 (1975).

In the instant case the evidence established that appellant and the decedent were involved in an argu-

ment, that the decedent was stabbed during the argument, and that the appellant was seen leaving the scene of the murder with a knife in his hand. Based on these facts, we are satisfied that the factfinder could properly find appellant's guilt was proven beyond a reasonable doubt. See *Commonwealth v. Robson,* 461 Pa. 615, 337 A.2d 573 (1975).

Judgment of sentence affirmed.