J-S56043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY LAVERTS HAY, | |
| Appellant | No. 1712 MDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
in the Court of Common Pleas of Northumberland County
Criminal Division at No.: CP-49-CR-0000693-2011

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 12, 2015**

Appellant, Randy Laverts Hay, appeals from the judgment of sentence imposed following his jury conviction of arson, risking a catastrophe, recklessly endangering another person, and criminal mischief.  Appellant challenges the sufficiency and the weight of the evidence.  We affirm.

We summarize the facts from the trial court's opinions and our independent review of the record.  The charges stem from the setting on fire of the doorway to the (multi-unit) apartment house where Appellant formerly lived with his ex-girlfriend, Tabitha Castle, and which, at the time of the fire, she occupied with her new boyfriend, Robert "Knowledge" Blake.

_____

[*] Retired Senior Judge assigned to the Superior Court.

There was evidence tending to show that some time before the fire Tabitha Castle had left the apartment, waited until Appellant left, and then moved back in with Robert Blake. She changed the locks on the apartment, barring Appellant. His belongings were still inside the apartment. Appellant came to the apartment to retrieve his clothes, but Blake refused, testifying that he told Appellant it was too late and he would have to come back another time.

Later that night Blake and Castle awoke to the smell of smoke. Blake testified that he saw Appellant running away. He testified that he knew it was Appellant even though he only saw him from behind, because they had been in jail together. (**See** N.T. Trial, 5/18/12, at 86). Appellant admitted trying to retrieve his personal items, but denied that he set the fire. (**See id.** at 184).

In his final argument, defense counsel essentially argued that Blake and Castle had set Appellant up, and suggested another motive beyond romantic rivalry: "And then there's a dispute over stuff. So I mean maybe [the] motivation is greed. Maybe it's not love, or lust, or a broken heart as they would have you say." (**Id.** at 198). Similarly, on appeal, Appellant's theory of the case is that Castle and Blake set him up to get him "out of the picture" to avoid interference in their romantic relationship as well as to keep his belongings. (Appellant's Brief, at 16; **see also** Order, 9/05/14, at 1).

The jury convicted Appellant of four counts of arson, 18 Pa.C.S.A. § 3301(a)(1)(i), (recklessly placing another person in danger); 18 Pa.C.S.A. § 3301(a)(1)(ii), (intent to destroy or damage an occupied structure); 18 Pa.C.S.A. § 3301(c)(1)(i), and 18 Pa.C.S.A. § 3301(c)(2), (recklessly placing an occupied building in danger of damage or destruction); risking a catastrophe, 18 Pa.C.S.A. § 3302(b); recklessly endangering another person, 18 Pa.C.S.A. § 2705, (the occupants of apartment #2); and recklessly endangering another person, 18 Pa.C.S.A. § 2705, (the other occupants of the apartment building).

On June 4, 2014, the court sentenced Appellant to a term of not less than three years' nor more than eight years' incarceration with credit for time served. The trial court denied post-sentence motions, including a challenge to the weight of the evidence, on September 5, 2014. Appellant timely appealed.[1]

On appeal, Appellant presents two overlapping questions for our review, which we reproduce verbatim, to the extent possible.

> 1. Whether [Appellant] is entitled to acquittal or a new trial because there was insufficient evidence to support the verdict[?] The Commonwealth presented no credible testimony or other evidence of a degree necessary to meet their burden of proof tying [Appellant] to the act of burning the door frame at 417 Walnut Street, Apartment 2, Sunbury, Pennsylvania. While the

_____

[1] Appellant filed a timely statement of errors on October 27, 2014. **See** Pa.R.A.P. 1925(b). The trial court filed a Statement in lieu of Formal Opinion, on December 23, 2014. **See** Pa.R.A.P. 1925(a).

Commonwealth witness, Robert Blake, claimed that he was able to identify [Appellant] because he saw the back of his bare head in a dark, unlighted entry way in the predawn hours of February 19, 2011. At the same time a [different] Commonwealth witness to the same event, Tabitha Castle, did not see [Appellant] either in the same entry way or running away down the street in front of the apartment building.

2. Whether [Appellant] is entitled to a new trial as the verdict in this case is against the weight of the evidence, because there was no credible testimony which contradicted [Appellant's] own testimony, or other evidence of such weight to satisfy the Commonwealth's burden of proof tying [Appellant] to the crimes charged, particularly because there are inconsistencies in the testimony of the interested witnesses against him in that while Robert Blake claimed that he was able to indentify [sic] [Appellant] because he saw the back of [Appellant's] bare head in a dark unlighted entry way in the predawn hours of February 19, 2011, while at the same time another Commonwealth witness to the same event, Tabitha Castle, did not see [Appellant] either in the same side entry way or running away down the street in front of the apartment building[?][2]

(Appellant's Brief, at 10-11).[3]

Preliminarily, we note that although Appellant raises general challenges to the sufficiency and weight of the evidence for the verdict, he makes no claim about the specific elements for the particular crimes for which he was convicted. Instead, in both claims, he makes essentially the

---

[2] Appellant's statement fails to comply with Rule of Appellate Procedure 2116, which in relevant part provides that "[t]he statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and circumstances of the case but **without unnecessary detail**." Pa.R.A.P. 2116 (emphases added). The insertion or appendage of lengthy argument to the statement of questions presented is inappropriate and violates the spirit as well as the letter of the rule.

[3] The Commonwealth did not file a brief.

same argument about inconsistencies in the testimonial evidence. Specifically, he challenges the identification of him fleeing the scene after the fire by Robert "Knowledge" Blake.[4]

> Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. **Commonwealth v. Minnis**, 312 Pa. Super. 53, 458 A.2d 231, 233–34 (1983). Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. **Id.** at 234. Given additional evidentiary circumstances, "any indefiniteness and uncertainty in the identification testimony goes to its weight." **Id.** at 233.

**Commonwealth v. Orr**, 38 A.3d 868, 874 (Pa. Super. 2011), *appeal denied*, 54 A.3d 348 (Pa. 2012).

Appellant first challenges the sufficiency of the evidence.

> Our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000).

> > "Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty," and may sustain its burden by means of wholly circumstantial evidence. Significantly, "[we] may not

---

[4] Accordingly, we deem any challenge to the sufficiency of the evidence based on the elements of the crimes other than the identification issue and other issues addressed here, to be waived.

substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed."

*Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005) (citations omitted). Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001).

*Commonwealth v. Scott*, 967 A.2d 995, 997-98 (Pa. Super. 2009), *appeal denied*, 983 A.2d 1248 (Pa. 2009). Similarly,

It is well settled that the evidence must be viewed in the light most favorable to the verdict winner, in this case the Commonwealth. *Commonwealth v. Rife*, 454 Pa. 506, 312 A.2d 406 (1973). It is the province of the factfinder to weigh the evidence. *Commonwealth v. Alston*, 461 Pa. 664, 337 A.2d 597 (1975). The factfinder can believe all, part, or none of the evidence. *Commonwealth v. Smith*, 457 Pa. 638, 326 A.2d 60 (1974). The test for the sufficiency of the evidence was set forth in *Commonwealth v. Jackson*, 466 Pa. 311, 313, 353 A.2d 370, 371 (1976) as follows:

The test for the sufficiency of the evidence is whether accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the fact-finder could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.

*Commonwealth v. Fortune*, 451 A.2d 729, 730 (Pa. Super. 1982).

"In order to convict a person of arson, the prosecution must establish beyond a reasonable doubt that (1) there was a fire, (2) it was maliciously set, and (3) the defendant was the guilty party." *Commonwealth v.*

*Hardcastle*, 546 A.2d 1101, 1108 (Pa. 1988), *cert. denied*, 493 U.S. 1093 (1990) (citations omitted).

Here, Appellant's principal argument on insufficiency is that the testimony of Castle and Blake is suspect because they wanted to get Appellant "out of the picture." (Appellant's Brief, at 16). He notes there was no testimony from a fire marshal and posits that because there are "a number of possible scenarios . . . [t]he only way to dispel any speculation would have been for the Commonwealth to present the testimony of a fire marshal." (*Id.* at 17). We disagree.

There is no requirement that a fire marshal present evidence to establish the crime of arson. *See Hardcastle*, *supra* at 1108. To the contrary, purely circumstantial evidence is sufficient to establish the commission of the crimes charged. *See Scott*, *supra* at 997-98. It was the role of the jury as fact finder to resolve any doubt about Appellant's guilt. *See id.*

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with the benefit of all reasonable inferences, we conclude that there was sufficient evidence for the jury to find that Appellant was guilty of the crimes charged. It was the role of the jury to weigh the evidence and assess credibility. Appellant's first issue does not merit relief.

Appellant's second issue challenges the weight of the evidence. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence, and to assess the credibility of witnesses. As to these issues, an appellate court cannot substitute its judgment for that of the finder of fact." *Commonwealth v. Treiber*, 874 A.2d 26, 30 (Pa. 2005), *cert. denied*, 547 U.S. 1076 (2006) (citations omitted).

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751–52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widme*r, 560 Pa. at 319–20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " *Id.* at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

>> Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence**. *Brown*, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons

advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Widmer*, 560 Pa. at 321–22, 744 A.2d at 753 (emphasis added). This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained: The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will. *Widmer*, 560 Pa. at 322, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 447, 625 A.2d 1181, 1184–85 (1993)).

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013).

Here, the jury heard evidence and argument that Blake and Castle had a motive to get Appellant out of the picture by falsely accusing him of arson. (*See* N.T. Trial, at 198). By its verdict, the jury rejected this claim.

Notably, Appellant does not argue that the trial court abused its discretion in denying the weight claim. Instead, citing the romantic rivalry over Ms. Castle, Appellant maintains that "[t]hese two witnesses [Castle and Blake] were very clearly biased." (Appellant's Brief, at 19; *see also id.* at

18-19). It was the role of the jury to assess credibility and accept all, part, or none of the evidence. *See Treiber*, *supra* at 30.

On independent review, we find that there is support in the record for the jury verdict. "[We] may not substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed. . . . Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Scott*, *supra* at 998 (citations omitted).

For the same reason, we discern no abuse of discretion in the trial court's determination that the jury's verdict was not so contrary to the evidence as to shock one's sense of justice. (*See* Statement in lieu of Formal Opinion, 12/23/14, at 3). Appellant's second claim does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2015