J-A08015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ACKEEM MORRIS | : | |
| | : | |
| Appellant | : | No. 255 EDA 2018 |

Appeal from the Judgment of Sentence December 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011393-2016

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 22, 2020**

Ackeem Morris appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury convicted him of attempted murder, aggravated assault, conspiracy to commit attempted murder and aggravated assault, two violations of the Uniform Firearms Act, possession of an instrument of crime (PIC), simple assault, and recklessly endangering another person (REAP).[1]  After careful review, we affirm the convictions based on the opinion authored by the Honorable Susan I. Schulman.  However, for the reasons set forth below, we vacate the judgment of sentence and remand for resentencing.

The events leading up to the shooting of Brandon Davis were captured on various cameras placed throughout the streets of Philadelphia, and within

---

[1] 18 Pa.C.S.A. §§ 901, 2702(a)(1), 903, 6106 and 6108, 907, 2701(a)(1), and 2705, respectively.

public spaces in an apartment building in North Philadelphia. On September 17, 2016, at approximately 11 A.M., Morris was dressed in traditional Muslim garb, and was wearing a brown purse, sunglasses, and distinctive bright yellow socks. Morris, standing on the eighth floor of the aforementioned apartment building in North Philadelphia, took an elevator with Talil Williams,[2] who was carrying a bicycle. The two knew each other and took the elevator down to the lobby and walked outside together.

Various cameras show that Williams arrived first, and alone, at the intersection of Carlisle and York Streets, the scene of the shooting, riding the bicycle. There, Williams saw Davis, the victim, and exchanged a few brief words with him before riding away. Morris arrived on foot shortly thereafter, and stepped into the corner store at that location. Morris, after being inside the store for only a few seconds, turned around, retrieved a pistol from his purse as he exited the store, and immediately opened fire on Davis. Davis fled down the street as Morris continued to fire a total of six shots at Davis. After the shooting, Morris walked away from the intersection, eventually broke into a run, and headed back in the general direction from which he came. Morris appeared again on various cameras within minutes at the apartment building elevators—this time undisguised—yet still wearing his shoes and distinctive yellow socks. Morris was again accompanied by Williams, who now carried the brown purse that Morris was initially wearing. The police

---

[2] Talil Williams is also known as Yasin West.

eventually searched Williams' apartment, where they discovered the brown purse, Morris' ID card, the same distinctive yellow socks, and some black shorts. Subsequent laboratory testing revealed the presence of gun-shot residue on the purse, and concluded that the DNA on the shorts very likely came from Morris.

On September 9, 2017, a jury found Morris guilty of all of the above-stated charges. Morris subsequently pled guilty to possession of a firearm by a convicted person, which was bifurcated to avoid revealing Morris' felon status to the jury. On December 8, 2017, the court sentenced Morris to ten to twenty years' incarceration for attempted murder, ten to twenty years for conspiracy to attempt murder, and assessed no further penalty for the remaining crimes, resulting in an aggregate sentence of twenty to forty years. Morris filed motions for reconsideration of his sentence and post-trial relief on December 18, 2017, both of which were denied that same day. This timely appeal follows.

In this appeal, Morris raises the following two claims:[3]

(1) Did the lower court error when it failed to grant [Morris'] motion for a new trial based upon the insufficient evidence to sustain the multiple criminal convictions?

---

[3] Pursuant to **Commonwealth v. Snyder**, 870 A.2d 336, 342 (Pa. Super. 2005), Morris has abandoned his weight of the evidence claim on appeal because that claim is undeveloped and indistinguishable from his sufficiency of the evidence claim. **See** Appellant's Brief, at 1; 8 ("The weight of the evidence presented to the [j]ury was insufficient to sustain the guilty verdicts to attempted murder, aggravated assault[.]").

(2) Did the lower court commit [reversible] error and violate [Morris'] constitutional rights [] when it sentenced [Morris] to a combined consecutive sentence of twenty [] to forty [] years[' incarceration]?

*See* Appellant's Brief, at 7; 9.

In a sixteen-page opinion issued on May 1, 2019, Judge Schulman addressed the issues identified in forty-eight numbered paragraphs in Morris' counseled Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Judge Schulman categorized the "repetitive, disorganized, and often incoherent [issues] that [represent] a flagrant disregard for the clear mandate of Rule 1925(b)" into: (1) sufficiency of the evidence and weight of the evidence claims, and (2) challenges to the sentence imposed. *See* Trial Court Opinion, 5/1/19, at 9.

Morris first challenges the sufficiency of the evidence to sustain his convictions. He claims that the evidence was insufficient to identify him as the shooter and insufficient to identify a victim. In *Harden*, we restated our standard of review for sufficiency of the evidence claims on appeal as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every

element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa. Super. 2014) (citations omitted; bracketed material in original). Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

*Commonwealth v. Harden*, 103 A.3d 107 (Pa. Super. 2014).

The jury convicted Morris of attempted first-degree murder, 18 Pa.C.S.A. § 901. Section 901 provides:

(a) Definition of attempt. -- A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward to commission of that crime.

18 Pa.C.S.A. § 901(a). "A criminal homicide constitutes murder in the first degree when it is committed by an intentional killing." 18 Pa.C.S.A. §2502(a). "For the [C]ommonwealth to prevail in a conviction of criminal attempt to commit homicide, it must prove beyond a reasonable doubt that the accused with a specific intent to kill took a substantial step towards that goal." *Commonwealth v. Robertson*, 874 A.2d 1200, 1207 (Pa. Super. 2005). The specific intent to kill can be inferred from the circumstances surrounding an unlawful killing or from the fact that the accused used a deadly weapon to

inflict injury to a vital part of the victim's body. ***Commonwealth v. Geathers***, 847 A.2d 730, 737 (Pa. Super. 2004).

In Pennsylvania, criminal conspiracy is defined as follows:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903. Also, "[a] conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed." ***Commonwealth v. Ruffin***, 463 A.2d 1117, 1119 (Pa. Super. 1983) (quoting ***Commonwealth v. Kennedy***, 453 A.2d 927 (Pa. 1982)).

In response to the issues raised by Morris, the trial court has provided a thorough and well-reasoned discussion explaining why these sufficiency claims are meritless. ***See*** Trial Court Opinion, 5/1/19, at 9-12 (finding evidence sufficient to prove all elements of attempted first-degree murder and conspiracy to commit first-degree murder where: (1) Morris' co-conspirator, Williams, told detectives Morris was the shooter; (2) video evidence corroborates Williams' statements to police about Morris' guilt; (3) Williams stated to police he encountered Morris dressed in Muslim garb minutes before shooting; (4) Williams and Morris both went to location where Davis was

standing outside of corner store and was shot; (5) Morris was videotaped shooting Davis multiple times; (6) minutes after shooting, in elevator, Morris mimicked and reenacted Davis' reaction to being shot; (7) Morris' DNA matched DNA recovered from shorts worn by shooter whom Williams identified was Morris; (8) Detective Michael Rocks testified he visited hospital several times and spoke with Davis; (9) Detective Rocks testified that no other shootings occurred on day and in area that Davis was shot; (10) Raheem Hall advised Detective Michael Repici that he transported Davis to hospital because "he was shot;" and (11) medical records state that Davis was transported to Temple University Hospital on September 17, 2016, with multiple gunshot wounds.) Because we agree with the sound analysis expressed by Judge Schulman in her opinion, we adopt it to dispose of Morris' sufficiency issues raised in this appeal. We instruct the parties to attach a copy of Judge Schulman's decision in the event of further proceedings in the matter.

Morris also challenges the aggregate sentence imposed by the trial court, twenty to forty years of incarceration, by claiming that the trial court "abused [its] discretion" in sentencing him to such an "excessive upward departure" from the Pennsylvania Sentencing Guidelines. Appellant's Brief, at 10. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010); 42 Pa.C.S.A. § 9781(b).

In **Commonwealth v. Cook**, 941 A.2d 7 (Pa. Super. 2007), we delineated the following four-part test that must be satisfied prior to our reaching the merits of a discretionary sentencing issue:

(1) [W]hether appellant filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

**Cook**, 941 A.2d at 11.

In **Commonwealth v. Kiesel**, 854 A.2d 530 (Pa. Super. 2004), we discussed the Rule 2119(f) requirement in greater detail:

[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.[]R.A.P. 2119(f) *sua sponte, i.e.*, deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

**Kiesel**, 854 A.2d at 533 (internal citations omitted); **see also**, **Commonwealth v. Gambal**, 561 A.2d 710, 713 (Pa. 1989).

Here, Morris failed to include a Rule 2119(f) statement in his brief. The Commonwealth objected to Morris' failure to include the Rule 2119(f) statement. **See** Appellee's Brief, at 11-12. Accordingly, this court is precluded from reviewing the merits of Morris' discretionary sentencing claims. **Kiesel**, **supra**.

Finally, we recognize that a legality of sentencing claim is not waivable and may be considered *sua sponte* by a reviewing court. **Commonwealth v. Ford**, 461 A.2d 1281, 1288 (Pa. Super. 1983). Pursuant to 18 Pa.C.S.A. § 906, "[a] person may not be convicted of more than one inchoate crime of attempt, solicitation, or conspiracy for conduct designed to commit or to culminate in the commission of the same crime." Pursuant to **Commonwealth v. Maguire**, 452 A.2d 1047, 1050 (Pa. Super. 1982), when a trial court is faced with a jury verdict of guilty of more than one inchoate crime, it is required to render judgment of sentence for no more than one of those crimes. Our Supreme Court has acknowledged that a section 906 violation goes to the legality of the sentence, and, thus, is non-waivable and may be considered by an appellate court *sua sponte*. **See Commonwealth v. Jacobs**, 39 A.3d 977, 982 (Pa. 2012).

Here, the trial court imposed a sentence on both of Morris' attempted murder and conspiracy to commit murder convictions — two inchoate crimes. Thus, the trial court's sentence was imposed in violation of **Maguire**. Accordingly, we vacate the sentence and remand for resentencing. **See Commonwealth v. Jackson**, 421 A.2d 845, 847 (Pa. Super. 1980). Because the court ordered Morris' sentences to run consecutive to each other, our vacatur upsets the sentencing scheme and we must remand for resentencing. **See Commonwealth v. Williams**, 997 A.2d 1205, 1210-11 (Pa. Super. 2010) ("[I]f a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand [for

resentencing.]") (internal quotations, citations, and corrections omitted). *See also Commonwealth v. Moody,* 441 A.2d 371, 375 (Pa. Super. 1982) (after reversing judgment of sentence as to one of appellant's convictions, vacating remaining convictions in part, and remanding for re-sentencing, we noted that "where a conviction on one count may have influenced sentencing on other counts, all  sentences should be vacated and the case remanded for resentencing."). Therefore, we vacate Morris' judgment of sentence and remand for resentencing.

Convictions affirmed. Judgments of sentence vacated. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20