337 A.2d 597

COMMONWEALTH of Pennsylvania

v.

**Louis ALSTON, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 1975.

Decided May 13, 1975.

Nino V. Tinari, Robert G. Allman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Louis Alston was found guilty by a jury of murder in the second degree in the shooting of James Downing and

of assault with intent to kill in the shooting of Anthony Price. Appellant presents two issues in this appeal of only the conviction for murder. We affirm the judgment of sentence herein.

The appellant's first argument is that the evidence was insufficient to support the verdict. From the testimony given at trial, the jury was warranted in finding the following facts. At a distance from a gang affray, Alston approached Harold Childs' house and fired several shots from a revolver at six unarmed members of the "Lex Street" gang. Thereupon, Childs opened his door for his companions to run inside. As the door closed, one shot hit and injured Anthony Price. James Downing, also a member of the Lex Street gang, did not enter the house and was the lone Lex Street gang member on the street. Alston was a member of the opposing gang from Aspen Street and was the only member of that gang on the street. Childs, once inside, ran upstairs, opened the window and saw only Alston outside. Childs heard shots and looked out again to see Downing staggering and Alston gone. Leon Smith, a Lex Street gang member, inside his house next door, ducked as he saw Alston shooting outside. He looked outside moments later to see Downing staggering. Alston admitted firing a gun in the direction of Childs before Childs entered the house. Alston testified that as he came down the street, Childs reached into his pocket as if to reach for a gun. Alston testified that he then picked up a gun he had seen someone drop at the corner and he fired in self-defense. Alston denied killing Downing. Alston said that he dropped the revolver. The police searched the area but never found the weapon.

 "[T]he test of the sufficiency of the evidence —irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if

believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Frye,* 433 Pa. 473, 481, 252 A.2d 580, 584 (1969). The Commonwealth may sustain its burden of proving every essential element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *See Commonwealth v. Cimaszewski,* 447 Pa. 141, 144, 288 A.2d 805, 806 (1972). It is within the province of the trier of facts to pass upon the credibility of witnesses and weight to be accorded the evidence produced. *Commonwealth v. Murray,* 460 Pa. 605, 334 A.2d 255 (1975) [Roberts, J.] (and cases cited therein). The jury could disbelieve Alston's testimony that he acted in self-defense. While no one actually saw Alston shoot Downing, the circumstantial evidence clearly led to the inference that it was Alston who shot and killed Downing.

■ Appellant also argues that the statement which he gave to police was a product of unnecessary delay. We need not reach the merits of that contention. The statement was marked as defendant's exhibit. Counsel for defendant then examined the defendant regarding the statement and had him read the contents of the statement into evidence. At the close of trial, the Commonwealth had the exhibit marked as its own to go out with the jury. Defendant now argues that he was forced into the strategy of using the statement. No basis is given for the conclusion and our examination of the record reveals none. Rather, in this case, appellant himself introduced the statement in an attempt to establish the defense of self-defense. He cannot now complain of any "error" by the trial court that was committed at his behest. *See Commonwealth v. Clark,* 454 Pa. 329, 337, 311 A.2d 910, 914 (1973). Appellant's loss of any right to claim on appeal that his statement was inadmissible is no more than the consequence of his trial decision to waive

any right to suppression he may have had under Rule 118 by offering it into evidence himself.

Judgment of sentence affirmed.