441 A.2d 371

**COMMONWEALTH of Pennsylvania**

v.

**John L. MOODY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Jan. 29, 1982.

Bruce A. Franzel, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

BROSKY, Judge:

John L. Moody, appellant, was convicted at a non-jury trial on April 25, 1979 of attempted rape, indecent assault, simple assault, recklessly endangering another person and unlawful restraint. New counsel brought a motion for a new trial and/or arrest of judgment, which was denied, after argument, on August 7, 1979. Present counsel then requested and was permitted to file new post-verdict motions, which were denied after argument on October 31,

1979. Moody was subsequently sentenced to a term of three to ten years imprisonment for attempted rape and a two-year probationary term on each other conviction, all to be served concurrently with each other and with the sentence for attempted rape. Reconsideration of sentence was argued and denied on November 14, 1979. This appeal followed. We hold that the judgment of sentence be reversed and vacated in part together with a remand for sentencing.

Moody contends that there was insufficient evidence to support a conviction of him for attempted rape, recklessly endangering another or unlawful restraint. He asserts also that his trial counsel was ineffective in failing to move to suppress an identification and in failing to object to the admission into evidence of a photograph used in the identification process. We reverse the recklessly endangering another person conviction and affirm all others.

It is well settled that in passing upon a claim of insufficiency we must view the evidence in the light most favorable to the verdict winner. The evidence is sufficient if, accepting as true all the evidence and all reasonable inferences therefrom upon which, if believed, the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that appellant is guilty of the crimes for which he was convicted. *Commonwealth v. Horne*, 479 Pa. 496, 388 A.2d 1040 (1978).

Moreover, it is the province of the trier of fact, who is free to believe all, part or none of the evidence, to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Commonwealth v. Valderrama*, 479 Pa. 500, 388 A.2d 1042 (1978). Finally, evidence may be sufficient to convict even though wholly circumstantial. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978).

*Commonwealth v. Dreibelbis*, 493 Pa. 466, 469, 426 A.2d 1111, 1112–13 (1981).

The evidence when viewed in a light most favorable to the Commonwealth indicates that at about 12 noon on October 11, 1978, Ruthy Johnson, a twelve-year old, was accosted by Moody, while walking down the street in front

of her home. Johnson testified that Moody forced her into the basement of a building where he sexually molested her. Moody forced Johnson to stand on a chair while he fondled her genitalia. She stated he eventually began to unzip his pants, whereupon she kicked him in the groin.

Moody then fled the building, only to be followed by Johnson. Moody struck Johnson, in an attempt to keep her in the cellar and then attempted to lock the door to the cellar, thereby trapping Johnson within. However, Johnson told him not to lock the door, which Moody did not. Moody then left the building. Johnson exited the cellar shortly after Moody, alerted others of her situation, and witnessed Moody drive away in a car which had been parked in the street. Johnson then observed the license number, and began to call it out to a friend. However, Moody, realizing what was happening, alighted the car and bent the license plate so as to obscure the number from Johnson's vision. Moody returned to the car and drove off, only to strike another automobile, forcing him to stop and depart on foot. Johnson subsequently identified Moody through a photographic array.

Rape is defined in 18 Pa.C.S.A. § 3121 as:

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious; or

(4) who is so mentally deranged or deficient that such person is incapable of consent.

Criminal attempt is defined in 18 Pa.C.S.A. § 901(a) as:

Definition of attempt.—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

Moody contends that no evidence was presented to support a finding that he intended to use force for the purpose of obliging Johnson to engage in sexual intercourse against her will. We do not agree.

In *Commonwealth v. Bullock*, 259 Pa.Super. 467, 472, 393 A.2d 921, 923 (1978), we said:

Appellant's final contention, that the evidence was insufficient to sustain the charges of attempted rape and two counts of aggravated assault is not meritorious. With regard to attempted rape, appellant contends that ripping Miss Kirby's shirt, pulling down her bra, and attempting to remove her pants was not so substantial a step toward rape to fulfill the requirement of an attempt. Crimes Code, 18 Pa.C.S. § 901(a) (1973). It should be noted that appellant had already committed the sexual offense of indecent assault under the Crimes Code, 18 Pa.C.S. § 3126(1) when he tore open Miss Kirby's shirt and ripped down her bra. Especially given the awesome evidence of appellant's attack on Miss Kirby, and because he went further and attempted to remove Miss Kirby's pants, it was reasonable for the factfinder to conclude that appellant had taken a substantial step toward rape. Cf. *Commonwealth v. White*, 232 Pa.Super. 176, 181, 335 A.2d 436, 438 (1975). Indeed, it would appear that the only other reasonable inference which could arise from appellant's conduct was that he intended to commit involuntary deviate sexual intercourse, also a felony of the first degree. Crimes Code, 18 Pa.C.S. § 3123. Since orthodox intercourse is the more common act, rape was the more natural inference.

We are not persuaded by Moody's argument and hold that there was clearly sufficient evidence for the trial court to convict him of attempted rape. The evidence herein is as compelling as that found in *Commonwealth v. Bullock*, supra. Hence, we affirm the trial court's judgment of sentence for attempted rape.

Moody contends also that there was insufficient evidence to convict him of recklessly endangering another person. This offense is defined at 18 Pa.C.S.A. § 2705 as:

*Recklessly endangering another person*

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

Serious bodily injury is defined in 18 Pa.C.S.A. § 2301 as:

Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

We have determined in *Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 395 A.2d 1337 (1978), that the crime consists of reckless conduct which caused and resulted in a substantial risk of death or serious bodily injury. We are unable to conclude that any of Moody's actions, forcing Johnson into the basement, striking her while he attempted to leave the basement, or touching her body in a vulgar and offensive manner, placed Johnson in sufficient physical danger to support a conviction for recklessly endangering another person. Therefore, the judgment of sentence for recklessly endangering another person is reversed.

 Unlawful restraint is defined in 18 Pa.C.S.A. § 2902 as:

*Unlawful Restraint*

A person commits a misdemeanor of the first degree if he knowingly:

(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or

(2) holds another in a condition of involuntary servitude.

In *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 45, 391 A.2d 662, 664 (1978), we said:

Appellant contends that the evidence was insufficient to sustain the verdict. "The test for the sufficiency of evidence in a criminal case is whether, viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evi-

dence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Bastone*, 466 Pa. 548, 552, 353 A.2d 827, 829 (1976); *Commonwealth v. Whitfield*, 474 Pa. 27, 376 A.2d 617 (1977). Moreover, it is axiomatic that it is within the province of the jury to pass upon the credibility of witnesses and determine the weight to be accorded the evidence adduced. *Commonwealth v. Alston*, 461 Pa. 664, 337 A.2d 597 (1975); *Commonwealth v. Murray*, 460 Pa. 605, 334 A.2d 255 (1975). Instantly, I entertain no doubt that Mrs. Washington's testimony was clearly sufficient to prove appellant's guilt beyond a reasonable doubt. Appellant's argument that the proof was deficient with respect to the crimes of unlawful restraint and false imprisonment because there was no evidence that the victim was forced into the abducting vehicle or restrained from leaving has no merit. Given Mrs. Washington's testimony that her husband was being assaulted in the back seat of the car by several assailants, whom he forcibly resisted, the jury could reasonably infer that the victim was being restrained against his will.

In the instant case, it is clear that Ruthy Johnson was forcibly detained in the cellar of a house against her will. She was threatened by Moody, struck by him, and she forcibly resisted his actions. We hold that based upon this evidence the court could have reasonably inferred that Ms. Johnson was being restrained by Moody. Thus, the judgment of sentence for unlawful restraint is affirmed.

Next, Moody asserts that he received ineffective assistance of counsel from his trial counsel when his trial counsel failed to move to suppress an identification and in failing to object to the admission of a photograph used in the identification process into evidence.

It is well established that counsel will only be found ineffective where the course of action chosen by counsel lacked some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v.*

*Weiss*, 289 Pa.Super. 9, 432 A.2d 1020 (1981). The burden lies with the party asserting the existence of ineffective assistance of counsel to prove that claim. *Commonwealth v. Bowers*, 245 Pa.Super. 214, 369 A.2d 370 (1976).

In *Commonwealth v. Hill*, 231 Pa.Super. 371, 375–376, 331 A.2d 777, 780 (1974), we said:

> Ordinarily there is little tactical reason for not filing a motion to suppress. We cannot tell from the record why counsel did not file one. It does not follow from this fact, however, that counsel was ineffective. It may be that he saw little chance for success and therefore little benefit to be derived from the motion. Also, he may have regarded the bait money as a relatively small part of the prosecution's case; the police officer who had bought the heroin and the officers who had witnessed the transaction all were ready to and did identify petitioner as the seller. However, it is not important, and we need not decide, what was in counsel's mind; it may even be assumed that his failure to file a motion was an oversight. We have considered what would have been the result if he had filed a motion and have seen that the motion would have been denied, for the arrest was lawful and therefore the search incident to it valid. Counsel will not be declared ineffective for failure to file a motion that he could reasonably have regarded as *pro forma*.

Moody has not asserted any legal basis upon which the suppression could have been supported. Under these circumstances, we are unable to hold that Moody has successfully proven that his counsel was ineffective.

Moody claims also that his counsel was ineffective because he did not object to the admission into evidence of a photograph used in the identification process. Moody complains that the photograph indicated that he had a prior criminal history and as such should not have been admitted.

We reject this argument. Trial counsel had a reasonable basis for not objecting to the introduction of the photograph. Trial counsel attempted to impeach the identification testi-

mony of the victim by pointing out the dissimilarities between the photograph and Johnson's description of her assailant. We believe this to have been a reasonable basis for not objecting to the introduction of the photograph. *Commonwealth v. Sweitzer*, 261 Pa.Super. 183, 395 A.2d 1376 (1978).[1]

Accordingly, we hold that trial counsel was not ineffective for failing to object to the introduction of the photograph.

■ The remaining question is whether we should remand for resentencing. In *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972), we held that where a conviction on one count may have influenced sentencing on other counts, all sentences should be vacated and the case remanded for resentencing. We will not remand, however, where to do so would be a mere procedural exercise. *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975). Here, where Moody received two-year probationary sentences for all his convictions excepting attempted rape, we cannot be certain that Moody's conviction for recklessly endangering another person may not have influenced the court in the severity of the sentence it imposed. Thus, the sentences for recklessly endangering another person and attempted rape are vacated and the case remanded for resentencing on the attempted rape charge only. *Commonwealth v. Conrad*, 285 Pa.Super. 571, 428 A.2d 192 (1981).

Judgment of sentence reversed and vacated in part and remanded in part for resentencing. Jurisdiction is not retained by this court.

JOHNSON, and POPOVICH, JJ., file concurring and dissenting opinions.

1. We note also that Moody was tried before the court without a jury. Therefore, any defects in the evidence presented the judge we would presume to have been disregarded. *Commonwealth v. Navis*, 491 Pa. 363, 421 A.2d 179 (1980). Moody has not argued that the trial judge was in any way prejudiced.

JOHNSON, Judge, concurring and dissenting:

I join in the majority's opinion to the extent that it affirms Appellant's conviction for attempted rape, reverses the conviction for recklessly endangering another person and finds Appellant's ineffective assistance argument to be without merit. However, I respectfully dissent on two issues, namely, (1) the majority's affirmance of the unlawful restraint conviction, and (2) the issue of merger of simple assault and indecent assault into the attempted rape conviction.

## I.

The majority opinion affirms Appellant's unlawful restraint conviction and quotes language from *Commonwealth v. Belgrave*, 258 Pa.Super.Ct. 40, 45, 391 A.2d 662, 664 (1978) for support. However, the statute for unlawful restraint, 18 Pa.C.S.A. § 2902(1) requires the victim to have been exposed to "risk of serious bodily injury . . .".

The majority opinion determines that Appellant's actions did not place the victim in "sufficient physical danger" to support a conviction for recklessly endangering another person. If Appellant's conduct did not place the victim in danger of death or serious bodily injury, as required by the statute concerning recklessly endangering another person, then I fail to see how his *restraint* of the victim exposed her to the *risk* of serious bodily injury as required by the unlawful restraint statute. I also fail to find a semantical difference, under the instant factual situation, between the language in the statute concerning recklessly endangering another person, 18 Pa.C.S.A. § 2705 which states ". . . which places or may place another person in danger of . . . serious bodily injury." and the language in the unlawful restraint statute, 18 Pa.C.S.A. § 2902 which states ". . . in circumstances exposing him to risk of serious bodily injury. . . .".

Therefore, if, as the majority determines, Appellant's conduct did not place the victim "in sufficient physical danger to support a conviction for recklessly endangering another person", then that same conduct must be insufficient to

support the unlawful restraint conviction. Hence, the conviction for unlawful restraint should be reversed.

## II.

The majority opinion does not address the question of the merger of the simple assault and indecent assault convictions into attempted rape. Although not raised by Appellant in his brief, the trial judge, in his lower court opinion, reviews Appellant's post-trial motions which requested an arrest of judgment based upon the contention that the two assault charges merge into attempted rape. The trial judge, in his opinion, concludes that there is merger and that the assault sentences should be vacated.[1] Because the question of legality of sentence is never waived, *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Lawton*, 272 Pa.Super.Ct. 40, 414 A.2d 658 (1979), I believe the issue should be addressed.

Concerning the issue of merger:

"The true test of whether one criminal offense has merged into another... is whether one crime *necessarily involves* another, as for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when the 'transaction' means a *single act*. When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged. Two crimes *may* be successive steps in *one* crime and therefore merge, ... or they may be two distinct crimes which do not merge.' *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 104–05, 21 A.2d 920, 921 (1941) (emphasis in original)."

*Commonwealth v. Wojciechowski*, 285 Pa.Super.Ct. 1, 8, 426 A.2d 674, 677 (1981).

1. We take note of the fact that the trial judge had no jurisdiction to rule further in this case once the appeal had been filed. Pa.R.A.P. 1701(a), 42 Pa.C.S.A.; *See Commonwealth v. Leatherbury*, 269 Pa. Super.Ct. 194 n.4, 409 A.2d 431 n.4 (1979).

It has been held that the crime of rape necessarily includes the crime of indecent assault. *Commonwealth v. Richardson*, 232 Pa.Super.Ct. 123, 334 A.2d 700 (1975).

Because the convictions for indecent assault and attempted rape were both based on the same sequence of events and facts, we should vacate the sentence on the lesser offense, indecent assault, as the two crimes merge.

The conviction for simple assault also merges into the conviction for attempted rape. *See Commonwealth v. Irvin*, 260 Pa.Super.Ct. 122, 393 A.2d 1042 (1978). The reasoning is that both the simple assault and attempted rape convictions were again based on the same sequence of events and facts. Therefore, we should vacate the sentence on the simple assault conviction.

POPOVICH, Judge, concurring and dissenting:

I dissent from the majority's determination that the appellant is not guilty of recklessly endangering another person.

In the instant case, we have an accounting of a 12 year old girl who was accosted in broad daylight by an adult male in front of her home. Appellant grabbed the child's arm, restrained her movement, and carried her off into a nearby cellar. The assailant then ordered the child to prop herself up on a chair and, upon doing so, moved his hands under her skirt, up her leg, and touched her genital organs. Appellant thereafter started to remove his slacks. The victim reacted by kicking appellant in the groin, thus foiling his obvious intentions. Appellant retaliated by striking the child in the face.

Here, we have a situation in which: (1) an assault was made on the victim; (2) the assailant was larger and stronger than the victim; and (3) appellant was restrained from consummating and/or escalating his attack by the actions of a courageous 12 year old child. The assault plus the attendant circumstances, in this writer's viewpoint, were sufficient to prove guilt of recklessly endangering another person. See e.g., *Commonwealth v. Alexander*, 477 Pa. 190, 194, 383

A.2d 887, 889 (1978) ("A simple assault combined with other circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury . . ."); Accord *Commonwealth v. Kibe*, 258 Pa.Super. 353, 392 A.2d 831 (1978).

Moreover, I must voice my disagreement with the majority's conclusion that appellant was not guilty of recklessly endangering another person because "[w]e are unable to conclude that any of Moody's actions, forcing Johnson into the basement, striking her while he attempted to leave the basement, or touching her body in a vulgar and offensive manner placed the [victim] in sufficient physical danger . . . ." At 374. The majority's argument ignores the language of the statute which states that an offense of recklessly endangering another person is committed where the actions of the accused "*place*[ ] or *may place* another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. (Emphasis added). To accept the majority's conclusion that the victim was not "placed . . . in sufficient physical danger", at 374, is to minimize the *actual* and *potential* danger that this 12 year old was exposed to by this adult male's repulsive actions.

Hence my dissent.