J-S18038-21
J-S18039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFREDO TORO | : | |
| | : | |
| Appellant | : | No. 1918 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003230-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALFREDO TORO | : | |
| | : | |
| Appellant | : | No. 1919 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003231-2016

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 21, 2021**

Appellant, Alfredo Toro, appeals from the judgments of sentence

following his conviction of rape by forcible compulsion, sexual assault,

unlawful restraint, defiant trespass, recklessly endangering another person

---

[*] Retired Senior Judge assigned to the Superior Court.

("REAP"), and two counts of simple assault.[1]  We reverse Appellant's convictions of REAP and unlawful restraint, affirm his remaining convictions, and remand for resentencing.

On December 19, 2015, Estrella Colon and Manuel Sanchez, who were engaged to be married, called Appellant, Ms. Colon's cousin, to help them move from their second-floor apartment on the 3400 block of Helen Street in Philadelphia.  When Appellant arrived, he got into an altercation with Mr. Sanchez and slapped and punched Mr. Sanchez in the face.  Appellant chased Mr. Sanchez out onto the street, and sometime later Appellant returned and knocked on the front door of the building.  Ms. Colon opened the door to the apartment building thinking Mr. Sanchez had returned and Appellant then pushed his way into the building and into Ms. Colon's apartment.  Once inside the apartment, Appellant pushed, grabbed, and kissed Ms. Colon, and offered her $200 to have sex with him, which she refused.  Despite Ms. Colon's efforts to push him away, Appellant pulled Ms. Colon's pants down and penetrated her vagina with his penis.  Appellant then fled from the apartment and the police arrived shortly thereafter.

Appellant was charged at two docket numbers:  at CP-51-CR0003230-2016 ("3230-2016"), he was charged with rape by forcible compulsion, sexual assault, unlawful restraint, defiant trespass, REAP, and simple assault of Ms.

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3124.1, 2902(a)(1), 3503(b)(1)(i), 2705, and 2701(a), respectively.

Colon. At CP-51-CR0003231-2016 ("3231-2016"), Appellant was charged with simple assault of Mr. Sanchez. Appellant proceeded to a non-jury trial at both dockets, which took place on May 8 and December 5, 2018. At the conclusion of the trial, the trial court convicted him of all counts.

On February 26, 2019, the trial court imposed an aggregate sentence of 14½ to 29 years at 3230-2016, consisting of consecutive terms of imprisonment of 10 to 20 years on the rape count, 2½ to 5 years on the unlawful restraint count, 1 to 2 years on the REAP count, and 1 to 2 years on the simple assault count.[2] The trial court imposed a further consecutive sentence of 1 to 2 years of imprisonment on the simple assault conviction at 3231-2016. On March 1, 2019, Appellant filed timely post-sentence motions at both dockets. Both motions were denied by operation of law, and Appellant filed timely notices of appeal in each matter.[3]

_____

[2] The trial court imposed no further penalty on the sexual assault and defiant trespass counts.

[3] In 3231-2016, Appellant filed his notice of appeal prior to the trial court's denial of the post-sentence motion by operation of law on February 18, 2020. However, we treat the premature notice of appeal as having been filed after the denial of the post-sentence motion. *See Commonwealth v. Cooper*, 27 A.3d 994, 1007-08 (Pa. 2011) (holding that, pursuant to Pa.R.A.P. 905(a)(5), trial court is not deprived of jurisdiction to resolve post-sentence motion despite premature notice of appeal and that appeal is perfected upon the trial court's resolution of post-sentence motion); *see also Commonwealth v. McGarry*, 172 A.3d 60, 63 n.1 (Pa. Super. 2017).

Appellant filed his Pa.R.A.P. 1925(b) concise statements on August 20, 2019 and supplemental concise statements on November 25, 2019. The trial court issued an opinion on February 12, 2020.

Appellant raises nine issues in this appeal. At 3230-2016, Appellant challenges the sufficiency of the evidence of each of his six convictions. He also argues that the verdict in 3260-2016 was against the weight of the evidence. Finally, Appellant argues that the trial court abused its discretion at both dockets by imposing manifestly excessive sentences without consideration of mitigating evidence and his rehabilitative needs.

### Sufficiency of the Evidence

A challenge to the sufficiency of the evidence presents a question of law and is subject to plenary review under a *de novo* standard. ***Commonwealth v. Smith***, 234 A.3d 576, 581 (Pa. 2020). When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Id.***

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Commonwealth v. Wallace***, 244 A.3d 1261, 1274 (Pa. Super. 2021) (citation omitted). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Wallace***, 244 A.3d at 1274 (citation omitted). As an appellate court, "we may not weigh the evidence and substitute our judgment for that of the fact-finder." ***Id.*** (citation omitted).

Appellant first argues that there was insufficient evidence to prove that he committed the offenses of rape by forcible compulsion and sexual assault. With respect to the rape conviction, Appellant argues that a "careful reading of the testimony [] indicates that Appellant [] did not have sexual intercourse with Ms. Colon, by forcible compulsion or otherwise." Appellant's Brief at 26. Appellant contends that Ms. Colon testified only that Appellant put his penis on or near her vagina, but she did not state his penis penetrated her vagina. With respect to the sexual assault conviction, Appellant likewise asserts that Ms. Colon's testimony does not establish that sexual intercourse occurred. *Id.* at 29-30.

The offense of rape by forcible compulsion is committed "when the person engages in sexual intercourse with a complainant . . . [b]y forcible compulsion." 18 Pa.C.S. § 3121(a)(1). An individual commits the offense of sexual assault if he "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. Sexual intercourse is defined in relevant part to include intercourse in "its ordinary meaning . . . with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. "The 'ordinary meaning' of sexual intercourse is not defined in the statute, but it refers to penetration of the vagina by the penis." *Commonwealth v. Brown*, 711 A.2d 444, 450 (Pa. 1998).

While Ms. Colon's initial testimony with respect to the sexual contact between herself and Appellant was ambiguous,[4] the assistant district attorney asked Ms. Colon to demonstrate to the court the nature of the contact using her hands, and Ms. Colon indicated in this manner that Appellant's penis penetrated her vagina.[5] Furthermore, on cross and redirect examination, Ms. Colon testified unequivocally regarding the penetration:

> [Defense counsel:] And when the prosecutor approached and you put your fingers inside, you said that [Appellant] penetrated your vagina with his penis; is that correct?
>
> [Ms. Colon:] Yes, sir.
>
> . . .
>
> [Defense counsel:] Today you talked about [how Appellant's] penis went inside of your vagina.
>
> You were penetrated, correct?
>
> [Ms. Colon:] Yes, sir.
>
> . . .

---

[4] Ms. Colon first stated that appellant "took his penis out and went there, towards my vagina." N.T., 5/7/18, at 23. Upon further questioning about the contact, she stated that "[h]e put it there" and "[h]e put it right on my private parts." *Id.*

[5] The assistant district attorney described Ms. Colon's demonstration as follows:

> Indicating, for the record, that Ms. Colon is taking her left hand, and she's putting a piece of her middle finger inside of my V, indicating penetration in the vagina.

N.T., 5/7/18, at 25-26.

[Assistant district attorney:]  So is it fair to say that your testimony remains that you felt his penis enter your vagina but not all [the] way into your vagina?

[Ms. Colon:]  Yes, ma'am.

[Assistant district attorney:]  But it still penetrated you, correct?

[Ms. Colon:]  Yes, ma'am.

N.T., 5/7/18, at 46, 52, 61; **see also id.** at 53, 60.  In addition, Ms. Colon indicated that, as a result of Appellant's actions, she suffered pain in her vagina.  **Id.** at 25, 54.

We conclude that Ms. Colon's testimony was sufficient evidence to show that Appellant's penis penetrated her vagina, thereby satisfying the sexual intercourse element of the rape and sexual assault offenses.  18 Pa.C.S. § 3101; **Brown**, 711 A.2d at 450; **see also Commonwealth v. Gonzalez**, 109 A.3d 711, 721 (Pa. Super. 2015) (in a sexual assault case, "[t]he victim's uncorroborated testimony is sufficient to support a rape conviction").

Appellant next argues that there was insufficient evidence to convict him of defiant trespass.  "A person commits [defiant trespass] if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor[.]"  18 Pa.C.S. § 3503(b)(1)(i).  To establish a violation of this offense, the Commonwealth was required to show that Appellant "1) entered or remained upon property without a right to do so; 2) while knowing that he had no license or privilege to be on the property; and 3) after receiving direct [] notice against trespass," in the form of an actual communication.

*Commonwealth v. Namack*, 663 A.2d 191, 194 (Pa. Super. 1995) (emphasis omitted). This offense thus includes a scienter element requiring that the offender have knowledge that he was not permitted on the subject property. *Id.* "A person acts knowingly with respect to a material element of an offense when[,] if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist[.]" 18 Pa.C.S. § 302(b)(2)(i).

Appellant argues that, because Mr. Sanchez and Ms. Colon invited him to their home on December 19, 2015 to help them move, the Commonwealth did not prove that Appellant was given direct notice that he was not allowed in their home or that he had knowledge that he was not permitted to enter. Appellant's Brief at 31. As Appellant points out, the record was clear that he was initially an invitee to the second-floor apartment shared by Ms. Colon and Mr. Sanchez to assist them in moving. N.T., 5/7/18, at 13-14, 65-66. However, once he arrived, Appellant immediately confronted Mr. Sanchez, chasing him around the apartment and pushing him. *Id.* at 14-17, 38. Mr. Sanchez then exited the apartment, ran downstairs, and through the front door of the apartment onto the street while Appellant continued to chase and strike Mr. Sanchez. *Id.* at 16, 39.

Ms. Colon locked the door of the apartment building and returned to her apartment while the altercation continued outside. *Id.* at 17. At some point later she heard a knock on the front door of the building, which she assumed to be Mr. Sanchez. *Id.* at 18-19, 40-41. However, upon descending the

stairs, she discovered that it was in fact Appellant at the front door. *Id.* at

19. Ms. Colon described these events at trial as follows:

> It was [Appellant at the door], and he wanted to come in the building, in the house, and **I said no, he had to leave.**
>
> Instead, he blocked the door with his foot and pushed himself in the house and followed me up the steps, pinching my ass. Then I went to close the door from the apartment, and he pushed the door open, where I ended up sitting on the [wheel]chair the way he pushed me.

*Id.* at 19 (emphasis added). On cross-examination, Ms. Colon further testified:

> [Defense counsel:] And you go down and answer the door, thinking it's [Mr. Sanchez], right?
>
> [Ms. Colon:] Yes, sir.
>
> [Defense counsel:] And you open the door and you see that it's [Appellant]?
>
> [Ms. Colon:] Yes, sir.
>
> [Defense counsel:] Okay. **And you tell him to get lost, that he can't come inside, right?**
>
> [Ms. Colon:] **Yes, sir**.
>
> [Defense counsel:] Okay. **And he sticks his foot in the door and doesn't allow you to close the door, correct?**
>
> [Ms. Colon:] **Yes, sir**.
>
> [Defense counsel:] And so then you turn and begin to walk back up to the second floor apartment, right?
>
> [Ms. Colon:] Yes, sir.
>
> [Defense counsel:] Okay. And you testified that [Appellant] followed you up the steps, right?
>
> [Ms. Colon:] Yes, sir.

*Id.* at 41 (emphasis added).

We find that Ms. Colon's testimony provided sufficient evidence to establish each of the elements of defiant trespass. When Appellant returned to the apartment building after his initial altercation with Mr. Sanchez, Ms. Colon advised Appellant that "he had to leave" and that he could not come inside. *Id.* at 19, 41. Therefore, Ms. Colon gave Appellant "direct [] notice" that he was not permitted to leave through an "actual," verbal communication. 18 Pa.C.S. § 3503(b)(1)(i); *Namack*, 663 A.2d at 194. The Commonwealth also demonstrated the second element of the offense—that Appellant "entered or remained upon property without a right to do so"—as Ms. Colon testified that after she advised him that he could not enter, Appellant "blocked the door with his foot and pushed himself in the" apartment building. *Namack*, 663 A.2d at 194; N.T., 5/7/18, at 19, 41. In addition, Appellant followed Ms. Colon up the steps, and he pushed the door open and entered the apartment as Ms. Colon was attempting to shut him out. N.T., 5/7/18, at 19, 41.

Finally, as to the scienter element, the trial court, as fact-finder, could fairly infer that Appellant "kn[ew] that he [was] not licensed or privileged" to re-enter the apartment based upon the fact that Ms. Colon locked the door after Appellant initially attacked Mr. Sanchez and chased him onto the street and that Ms. Colon advised him upon his return that she did not want him to come inside. 18 Pa.C.S. § 3503(b)(1)(i). While Appellant places great emphasis on the fact that he was invited to the apartment earlier in the evening, we are persuaded that the evidence establishes that Ms. Colon

communicated to Appellant that he could not re-enter and that Appellant was aware that he was not permitted to do so. The fact that Appellant was required to use force to enter the apartment building and apartment, after being told not to, only underscores that he knew he had no license or privilege to enter. *Cf. Commonwealth v. Majeed*, 694 A.2d 336, 338 (Pa. 1997) ("His very method of entry—kicking in the door, twice—further evidences that his license or privilege to enter the premises had expired."). Appellant is therefore not entitled to relief on his sufficiency challenge to the defiant trespass conviction

We next address Appellant's challenge to his conviction for simple assault of Ms. Colon.[6] Appellant argues that the record is devoid of evidence that he caused or attempted to cause bodily injury to Ms. Colon. Appellant's Brief at 32. We disagree.

"[A] person is guilty of assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a). "Bodily injury" is defined by statute as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. "The Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury." *Commonwealth v. Martuscelli*, 54 A.3d

---

[6] As stated previously, Appellant does not contest his conviction of simple assault of Mr. Sanchez at 3231-2016.

940, 948 (Pa. Super. 2012). "This intent may be shown by circumstances, which reasonably suggest that a defendant intended to cause injury." *Id.*

Here, the evidence adduced at trial demonstrates that when Appellant forced his way into Ms. Colon's apartment, he pushed the door open causing her to fall back onto her wheelchair. N.T., 5/7/18, at 19, 23. Ms. Colon testified that, once in the apartment, Appellant repeatedly pushed, grabbed, and kissed her, which alarmed her and led her to scream for help. *Id.* at 20-21, 23, 41-42, 47. Ms. Colon stated that Appellant also swatted her phone out of her hand as she attempted to call 9-1-1, causing the phone to break. *Id.* at 20, 45. In addition, the parties stipulated at trial that Officer Joseph Hodge of the Philadelphia Police Department would have testified consistent with the domestic violence report that he prepared that Ms. Colon told him on the night of the incident that Appellant pushed, shoved, grabbed, threatened, imprisoned, and sexually abused her. N.T., 12/5/18, at 7-8; Commonwealth Ex. 4.

While Ms. Colon did not testify that she sustained bodily injury, the trial court was permitted to infer that Appellant had intent to cause her bodily injury through his actions. *Martuscelli*, 54 A.3d at 948. Moreover, Ms. Colon testified that Appellant's penetration of her vagina with his penis caused her pain for which she was prescribed pain killers by her family doctor. N.T., 5/7/18, at 25, 54-55. Therefore, we conclude that the Commonwealth sufficiently proved that Appellant committed the offense of simple assault against Ms. Colon.

Appellant next challenges the sufficiency of his unlawful restraint conviction. "[A] person commits [the offense of unlawful restraint] if he knowingly . . . restrains another unlawfully in circumstances exposing him to risk of serious bodily injury[.]" 18 Pa.C.S. § 2902(a)(1). Appellant argues that the Commonwealth did not meet its burden on this offense because "[t]here is no testimony whatsoever, from Ms. Colon, that [Appellant] restrained her in any way." Appellant's Brief at 28.[7]

The evidence reveals that Appellant pushed his way through the front door of both Ms. Colon's apartment building and her apartment despite being advised that he was not permitted to enter. N.T., 5/7/18, at 19, 41. When Appellant entered her apartment, the act of opening the door pushed her back onto her wheelchair, and he then began "grabbing [her] and pushing [her] and trying to pull [her] pants down," holding her down for a period sufficient to rape her. *Id.* at 19-21, 23-26. Appellant also locked the door behind him when he entered and swatted Ms. Colon's phone out of her hands in order to prevent her from calling 9-1-1. *Id.* at 19-20, 45. Additionally, Appellant stipulated that Officer Hodge would have testified that Ms. Colon told him that Appellant "imprisoned" her. N.T., 12/5/18, at 7-8; Commonwealth Ex. 4. On this record, we conclude that the Commonwealth proved that Appellant

---

[7] We note that Appellant does not challenge whether the Commonwealth presented sufficient evidence concerning the "serious bodily injury" element of the unlawful restraint offense. 18 Pa.C.S. § 2902(a)(1).

restrained Ms. Colon, and therefore we find no merit to the sufficiency challenge to his unlawful restraint conviction.

Finally, Appellant argues that the Commonwealth did not present sufficient evidence that he committed REAP. "A person commits [REAP] if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. To sustain a REAP conviction, the Commonwealth must prove that the defendant "(1) possessed 'a *mens rea* [of] recklessness,' (2) committed a wrongful deed or guilty act ('*actus reus*'), and (3) created by such wrongful deed the danger of death or serious bodily injury to another person." ***Commonwealth v. Brockington***, 230 A.3d 1209, 1215 (Pa. Super. 2020) (citation omitted).

Appellant challenges the third element of the REAP offense, arguing that Ms. Colon's testimony did not show that he placed her in danger of death or serious bodily injury. Appellant's Brief at 33. Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. "[T]he Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." ***Commonwealth v. Headley***, 242 A.3d 940, 944 (Pa. Super. 2020) (citation omitted); ***see also Commonwealth v. Shaw***, 203 A.3d 281, 284 (Pa. Super. 2019).

Upon our thorough review of the record, we agree with Appellant that the Commonwealth did not place Ms. Colon "in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. The record establishes that Appellant knocked Ms. Colon back onto her wheelchair when he opened the door, and then kissed, grabbed, and pushed her, and swatted her phone out of her hand. N.T., 5/7/18, at 19-21, 23, 41-42, 45, 47. Appellant then pulled Ms. Colon's pants down and sexually assaulted her. *Id.* at 20-21, 23-26, 45-46, 52-54, 61-62. While Appellant's actions were certainly offensive, Appellant did not "create[] a substantial risk of death or [] serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. Ms. Colon did not offer any testimony indicating that she sustained a serious bodily injury or felt that she was in danger of dying or being seriously injured. Nor did she testify as to any injury sustained from Appellant's actions aside from the pain caused by his penis penetrating her vagina. N.T., 5/7/18, at 25, 54.

Although no actual injury is required to sustain a REAP conviction, the Commonwealth must prove that the defendant's actions had "an actual present ability to inflict" substantial bodily injury on the defendant. *Headley*, 242 A.3d at 944 (citation omitted); *see, e.g.*, *Commonwealth v. Rahman*, 75 A.3d 497, 502-03 (Pa. Super. 2013) (defendant created risk of serious bodily injury by throwing punches at police officer on the balcony of city council chambers that could have caused the officer to tumble down the stairs or over the balcony). Here, we fail to discern such a risk of serious bodily

injury from Appellant's actions of grabbing, pushing, groping, and sexually assaulting Ms. Colon.[8] Moreover, although Appellant stated that if she did not have sex with him, her "mom was going to hear about it and the media was going to hear about it, and my mom could die," N.T., 5/7/18, at 26, Appellant did not in fact threaten to commit a violent act on Ms. Colon's mother or on Ms. Colon herself. Accordingly, while the testimony was sufficient to show that Appellant intended to cause Ms. Colon bodily injury which was required to prove the simple assault offense, we cannot agree that the Commonwealth proved that he "created by [his] wrongful deed[s] the danger of death or serious bodily injury" to Ms. Colon. *Brockington*, 230 A.3d at 1215; *cf. Commonwealth v. Moody*, 441 A.2d 371, (Pa. Super. 1982) (defendant's actions of forcing 12-year-old girl into cellar, groping her, and striking her to prevent her from leaving did not place victim in sufficient physical danger to support REAP conviction); *Commonwealth v. Scruggs*, No. 3116 EDA 2019 (Pa. Super. filed May 10, 2021), 2021 WL 1854726, at *4 (defendant grabbing, groping, holding in place, and attempting to pull down victim's pants

---

[8] We note that, while Ms. Colon reported to Officer Hodge that Appellant pushed, shoved, grabbed, threatened, and imprisoned her, she specifically denied to the Officer that Appellant engaged in actions of punching, throwing objects, slapping, choking, biting, stabbing, hair pulling, kicking, or use of a weapon. N.T., 12/5/18, at 7-8; Commonwealth Ex. 4.

did not create a substantial risk of serious bodily injury necessary to sustain REAP conviction).[9] We therefore reverse Appellant's REAP conviction.

For the foregoing reasons, we reverse Appellant's REAP conviction and affirm his convictions for rape by forcible compulsion, sexual assault, unlawful restraint, defiant trespass, and simple assault of Ms. Colon.

### Weight of the Evidence

We next address Appellant's weight-of-the-evidence argument with respect to his remaining convictions at 3230-2016. In arguing that the trial court abused its discretion by not finding that the verdict was against the weight of the evidence, Appellant cites inconsistencies between Ms. Colon's trial testimony and her prior statements to Detective Carl Diaz that Appellant had offered her $1,000 to have sex with him, not the $200 she testified to at trial. N.T., 5/7/18, at 49-51. Appellant also asserts that Ms. Colon told the detective that Appellant's "penis was on my vagina" and "[h]e was trying to get it in," but she "fought him and wouldn't let him get it in," *id.* at 53, which is contrary to her trial testimony that Appellant's penis actually penetrated her vagina. In addition, Appellant points to the fact that Appellant's DNA was excluded from swabbed samples taken by police from Ms. Colon's person following the incident. N.T., 12/5/18, at 50-51. Appellant argues that this

---

[9] Although an unreported decision, we cite to ***Scruggs*** for its persuasive value. ***See*** Pa.R.A.P. 126(b) (non-precedential Superior Court decisions filed after May 1, 2019 may be cited for their persuasive value).

countervailing evidence renders his convictions so unreliable that they were nothing more than mere conjecture.

We are guided by the following principles when reviewing a claim that the verdict is against the weight of the evidence. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses." *Commonwealth v. Clemens*, 242 A.3d 659, 667 (Pa. Super. 2020) (citation omitted). A verdict will only be reversed as against the weight of the evidence where the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Akhmedov*, 216 A.3d 307, 326 (Pa. Super. 2019) (*en banc*) (citation omitted). The fact-finder is charged with the responsibility to resolve contradictory testimony and questions of credibility, and we may not substitute our judgment in place of the fact-finder. *Commonwealth v. Cramer*, 195 A.3d 594, 600 (Pa. Super. 2018).

A motion for a new trial based on a weight-of-the-evidence claim is addressed to the discretion of the trial court, and therefore we review only the lower court's exercise of discretion and not the underlying question of whether the verdict is against the weight of the evidence. *Wallace*, 244 A.3d at 1276. When reviewing a trial court's determination on a weight claim, we give the "gravest consideration to the findings and reasons advanced by the trial judge" because it is the trial judge, not the appellate court, that had the opportunity to see and hear the evidence presented. *Id.* (citation omitted).

In addressing Appellant's weight-of-the-evidence argument, the trial court stated as follows:

> The Court listened to all of the testimony and observed the demeanor of the witnesses. As was within its province, this Court believed that Appellant forced himself into the victim's apartment before he raped her. The Court credited the victim's testimony and did not find Appellant's testimony to be credible. Therefore, this Court did not palpably abuse its discretion by denying Appellant's post-sentence motion for a new trial based on the weight claim.

Trial Court Opinion, 2/12/20, at 16.

We discern no abuse of discretion in the trial court's denial of the weight-of-the-evidence claim. Both of the inconsistencies between Ms. Colon's testimony and her recorded statement with Detective Diaz were addressed on cross-examination, with Ms. Colon explaining that she in fact told the detective that Appellant offered her $200 for sex and that she informed the detective that Appellant's penis did penetrate her vagina, but he was not successful in fully penetrating her. N.T., 5/7/18, at 51-53, 60-62. As fact-finder, the trial court acted wholly within its discretion in finding Ms. Colon credible and resolving any discrepancies between Ms. Colon's earlier statements to police and her trial testimony in favor of the Commonwealth. *Cramer*, 195 A.3d at 600. Furthermore, while Appellant's DNA was found to not be present on the samples taken from Ms. Colon, this evidence "does not necessarily exculpate" Appellant, particularly in a case such as this where the sexual contact was brief. *Commonwealth v. Wall*, 953 A.2d 581, 586 (Pa. Super. 2008). Therefore, the trial court was entitled to "entertain [Appellant's] alternative

theory and reasonably reject it." *Id.* (rejecting weight-of-the-evidence claim where testing of sperm stain on victim's underwear did not match the defendant's DNA, reasoning that while the testing "could establish a plausible alternative theory that contradicts [the victim's] testimony[,] . . . it does not require the conclusion that [the defendant] did not rape [the victim]"). We therefore find Appellant's weight-of-the-evidence argument lacks merit.

### Sentence

In his final two issues, Appellant challenges the discretionary aspects of his sentence at both dockets. Appellant contends that his sentences for rape by forcible compulsion and the two counts of simple assault were at the statutory maximum[10] and that his sentence for unlawful restraint exceeded the aggravated range of the sentencing guidelines and was also at the statutory maximum. Appellant argues that—in light of the mitigating evidence that he presented related to his mental and physical health issues, his advanced age, and his unstable upbringing—the trial court's imposition of statutory maximum punishments at each count was manifestly excessive.

A challenge to the discretionary aspect of a sentence is not appealable as of right. 42 Pa.C.S. § 9781(b); *Akhmedov*, 216 A.3d at 328.

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a

---

[10] Appellant also argues that he was sentenced at the statutory maximum with respect to his REAP sentence. However, as we have vacated this conviction, we do not address this argument.

- 20 -

motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Akhmedov*, 216 A.3d at 328 (citation omitted). Only once the appellant has satisfied each of the four requirements to invoke our jurisdiction will we proceed to review the merits of the discretionary sentencing issue under an abuse of discretion standard. *Id.* at 328-29.

In this case, Appellant filed a timely notice of appeal, and he included a Rule 2119(f) statement in his brief. However, as the Commonwealth points out in its brief, Appellant did not properly raise his sentencing claims in his post-sentence motions. The post-sentence motions provide simply that the trial court "committed an abuse of discretion" in imposing the sentence without any further elaboration. Post-Sentence Motion, 3230-2016, 3/1/19, ¶5; Post-Sentence Motion, 3231-2016, 3/1/19, ¶3. Appellant did not reference the trial court's purported oversight of mitigating evidence or the alleged manifest excessiveness of his sentence in his post-sentence motions.

"To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion." *Commonwealth v. Clary*, 226 A.3d 571, 579 (Pa. Super. 2020). Failure to preserve a discretionary sentencing issue before the trial court results in waiver. *Commonwealth v. Smith*, 206 A.3d 551, 567 (Pa. Super. 2019). The purpose of this rule is to

provide the trial court with the opportunity to address the sentence either at sentencing or when ruling on a post-sentence motion. *Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa. Super. 2015).

Here, because Appellant did nothing more than raise a generalized claim of an abuse of discretion in his post-sentence motions and did not assert the arguments he actually raises in this appeal, Appellant failed to adequately preserve his discretionary sentencing claims. Therefore, these arguments are waived and not properly before us in this appeal. *Smith*, 206 A.3d at 567.

For the foregoing reasons, we affirm Appellant's convictions of rape by forcible compulsion, sexual assault, unlawful restraint, defiant trespass, and simple assault at 3230-2016 and simple assault at 3231-2016, and we reverse Appellant's REAP conviction at 3230-2016. Because our ruling in this appeal upsets the trial court's sentencing scheme at 3230-2016, we vacate Appellant's sentence and remand for resentencing of the remaining counts on that docket. *See Commonwealth v. Vela-Garrett*, 251 A.3d 811, 819 (Pa. Super. 2021) (determining that this Court's vacating of a sentence imposed to run consecutively to other sentences upset the trial court's overall sentencing scheme and therefore remand for resentencing was required).

Conviction of recklessly endangering another person at 3230-2016 reversed; all other convictions at 3230-2016 affirmed. Judgment of sentence in 3230-2016 vacated. Judgment of sentence in 3231-2016 affirmed. Case remanded for resentencing consistent with this memorandum at 3230-2016. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021